UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-10809 JLT

| | |
|---|---|
| DANIEL MINTZ, ANDREA WINTER, JAMES BIANCOLO AND SANDRA BIANCOLO, VERNON KOHLENBERGER AND DONNA KOHLENBERGER, LAWRENCE WOLFE AND PAMELA WOLFE, CRAIG PEHLERT AND MELISSA PEHLERT AND ROBERT HACKMANN AND JANE HACKMANN,<br>Plaintiffs<br><br>v.<br><br>THE ROMAN CATHOLIC BISHOP OF SPRINGFIELD, THOMAS L. DUPRE, BISHOP; ARLENE D. SCHIFF, CLIFFORD SNYDER, HAROLD BROWN, JEFF HALL AND NED DOUGLAS AND EDWIN MAY,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER OF THE DEFENDANT,
THE ROMAN CATHOLIC BISHOP OF SPRINGFIELD**

NOW COMES the defendant, the Roman Catholic Bishop of Springfield, and answers the Complaint as follows:

1. The defendant neither admits nor denies the allegations contained in paragraphs 1 through 10 and states that it has no knowledge of the same.

2. The defendant admits the allegations contained in paragraphs 11 and 12.

1

3. The defendant admits that the Roman Catholic Bishop of Springfield owns real estate located at 132 Main Street in Lenox and that it consists of a church rectory and two other buildings.

4. The defendant admits that St. Ann's Roman Catholic Church is located on the premises.

5. The proper name of the defendant is The Roman Catholic Bishop of Springfield, a Corporation Sole. Thomas L. Dupre is no longer the Bishop of Springfield and has no individual interest in either the corporation or this matter.

6. The defendant admits the allegations contained in paragraph 14 of the Complaint, but denies that the area is a dense residential neighborhood and also denies that the church buildings are located in a historic district.

7. The defendant denies the allegations contained in paragraph 15 of the Complaint.

8. The defendant admits the allegations contained in the first sentence of paragraph 16 and neither admits nor denies the remaining allegations contained in paragraph 16 and states that the document speaks for itself.

9. The defendant admits the allegations contained in paragraphs 17, 18, 19 and 20 of the Complaint, except that it neither admits nor denies the allegations contained in the last two sentences of paragraph 20 and states that the documents speak for themselves.

10. The defendant admits the allegations contained in paragraph 21 except that it neither admits nor denies the allegations concerning the content of the letter and states that the documents speaks for itself.

11. The defendant admits the allegations contained in paragraph 22 of the Complaint except that it neither admits nor denies the allegations concerning the content of the plan and

states that the plan speaks for itself.

12. The defendant denies the allegations contained in paragraph 23 of the Complaint except that it admits that the ZBA voted 5 to 0 to uphold the Building Inspector's grant of the permit and required that St. Ann's provide additional parking spaces.

13. The defendant denies the allegations contained in paragraph 24.

14. The defendant admits the allegations contained in paragraph 25.

15. The defendant neither admits nor denies the allegations contained in paragraphs 26, 27, and 28 and states that either no response is required or that the allegations are legal conclusions.

16. The defendant denies the allegations contained in paragraphs 29, 30, 31 and 32.

17. The defendant neither admit nor denies the allegations contained in paragraphs 33, 34 and 35 and states that no response is required or that the documents speak for themselves.

18. The defendant denies the allegations contained in paragraph 36.

19. The defendant neither admits nor denies the allegations contained in paragraph 37 and states that the document speaks for itself.

20. The defendant denies the allegations contained in paragraphs 38, 39 and 40 of the Complaint.

21. The defendant neither admit nor denies the allegations contained in paragraphs 41 and 42 and states that either no response is required or that the documents speak for themselves.

22. The defendants deny the allegations contained in paragraphs 43, 44 and 45.

23. The defendant neither admit nor denies the allegations contained in paragraph 46 and states that no response is required.

24. The defendant denies the allegations contained in paragraph 47.

25. The defendant neither admits nor denies the allegations contained in paragraph 48 and states that the document speaks for itself.

26. The defendant denies the allegations contained in paragraphs 49 and 50.

27. The defendant neither admits nor denies the allegations contained in paragraphs 51, 52, 53 and 54 and states that either no response is necessary or that the allegations are legal conclusions to which no response is necessary.

28. The defendant denies the allegations contained in paragraphs 55, 56 and 57.

29. The defendant neither admit nor denies the allegations contained in paragraphs 58 and 59 and states that either no response is necessary or that the allegations are legal conclusions to which no response is necessary.

30. The defendant denies the allegations contained in paragraphs 60, 61 and 62.

31. The defendant neither admits nor denies the allegations contained in paragraph 63 and states that no response is required.

32. The defendant denies the allegations stated in paragraphs 64 and 65.

33. The defendant neither admits nor denies the allegations contained in paragraph 66 and states that no response is necessary.

34. The defendant denies the allegations contained in paragraph 67.

35. The defendant neither admits nor denies the allegations contained in paragraph 68 and states that the document speaks for itself.

36. The defendant denies the allegations contained in paragraphs 69, 70, 71 and 72.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, the defendant prays:

A. That judgment be entered in its favor.

B. That it be awarded its costs and attorney fees.

C. That the Court take such other action as it deems just.

                    THE DEFENDANT
                    THE ROMAN CATHOLIC BISHOP
                    OF SPRINGFIELD

*/s/ Maurice M. Cahillane*
Maurice M. Cahillane, Esq.
EGAN, FLANAGAN AND COHEN, P.C.
67 Market Street - Post Office Box 9035
Springfield, MA 01102
(413) 737-0260; Fax: (413) 737-0121
BBO# 069660

Philip F. Heller, Esq.
HELLER & ASSOCIATES
P.O. Box 823
Lenox, MA 01240
(413) 637-2255; Fax: (413) 637-3039
BBO# 229500

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served this ~30th~ day of ~April~, 2004, on all parties by First Class Mail, postage prepaid, to:

Hugh C. Cowhig, Esq.
Hannon, Lerner, Cowhig, Scully & Bell
184 Main Street
Lee, MA 01238

John R. Gobel, Esq.
Gobel & Hollister
106 Wendell Avenue
Pittsfield, MA 01201

                                                   Maurice M. Cahillane, Esq.

0417-030458\68624.wpd