UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL MINTZ, ANDREA WINTER, <br> JAMES BIANCOLO AND SANDRA BIANCOLO, <br> ANN PHILLIPS, STEVEN BAUM, <br> CAROL WINSTON, VERNON KOHLENBERGER <br> AND DONNA KOHLENBERGER, <br> LAWRENCE WOLFE AND PAMELA WOLFE, <br> CRAIG PEHLERT AND MELISSA PEHLERT <br> AND ROBERT HACKMANN AND <br> JANE HACKMANN, <br>     Plaintiffs <br> <br> v. <br> <br> <br> THE ROMAN CATHOLIC BISHOP OF <br> SPRINGFIELD, THOMAS L. DUPRE, BISHOP; <br> ARLENE D. SCHIFF, CLIFFORD SNYDER, <br> HAROLD BROWN, JEDD HALL AND <br> NED DOUGLAS AND EDWIN MAY, <br>     Defendants | Civil Action No. <br> 04-10809-MAP |

**MOTION TO COMPEL DISCOVERY AND MEMORANDUM IN SUPPORT**

    Plaintiffs hereby request that the Court issue an Order compelling discovery by way of further Answers to the Interrogatories and further Responses to Document Requests propounded by Plaintiffs. In support thereof, Plaintiffs say as follows:

    1.    Plaintiffs propounded its First Set of Interrogatories and First Request for Production of Documents on October 4, 2004 — more than a month prior to the deadline established by the Court in its Scheduling Order dated September 1, 2004.

    2.    Defendant Diocese provided its response to the Request for Production of Documents under the letter of Attorney Cahillane dated December 9, 2004 and its Answers to Interrogatories under the letter of Attorney Cahillane dated December 20, 2004. The Responses to Interrogatories (without attached documents) are attached hereto as Exhibit 1.

    3.    In many of the Responses, Defendants objected on the basis that the Interrogatory was "irrelevant and overly burdensome" and provided no response beyond that objection.

1

4.	After a telephone message and facsimile from the Plaintiffs, a Rule 37.1 Discovery Conference was scheduled for January 4, 2005 to be conducted by conference call. Said Discovery Conference was held on January 4, 2005 with Attorneys Gobel and Mintz (for Plaintiffs) and Attorney Cahillane (for Defendant Diocese.) The January 5, 2005 letter of Attorney Gobel attached hereto as Exhibit 2 sets forth the discussions of that Discovery Conference. Since that time, Attorney Cahillane has confirmed that there would be some additional information forthcoming by way of additional Answers to Interrogatories. His January 21, 2005 letter detailing the additional information provided is attached hereto as Exhibit 3.

5.	The nature of the case is an appeal brought by neighborhood abutters of the decision of the Lenox Zoning Board of Appeals granting the Diocese of Springfield and St. Anns Church the right to build a parish hall adjacent to the church on property in downtown Lenox, Massachusetts. The facts that are relevant to this case include, in general, factual information (i) to support the Defendant Diocese's zoning petition that they had met the size, density, setback, parking and similar density and neighborhood issues specified in the Lenox Zoning Bylaw and/or (ii) to determine whether the Defendant Diocese meets the standards of RULIPA (Religious Land Use and Institutionalized Persons Act of 2000 (42 U.S.C. 2000cc et seq.) — that is, whether the Defendant Diocese establishes a prima facia case under RULIPA: that the land use regulation imposes a substantial burden on the religious exercise of an institution or assembly.[1]

Since the real estate is owned by the corporate entity that is the Diocese of Springfield, the objects of the discovery process include the Diocese as well as St. Ann Parish and the proper areas of inquiry include (i) past and present uses of the St. Anne site, (ii) past and present method for conducting the uses contemplated or possible in the planned parish hall, (iii) whether the financial circumstances of St. Anns or the Diocese affect the RLUIPA burden of compliance with the local by-law and (iv) how others of the Diocese's parishes have fared with or without a parish hall. The Interrogatories propounded by Plaintiffs were targeted to address these objects of discovery and areas of inquiry.

The general bias of the rules favors liberal discovery. Thus, the party seeking to avoid discovery bears the burden of demonstrating the applicability of a shield. *Haseotes v.*

---

[1] "We therefore hold that, in the context of RLUIPA's broad definition of religious exercise, a land-use regulation that imposes a substantial burden on religious exercise is one that necessarily bears direct, primary, and fundamental responsibility for rendering religious exercise—including the use of real property for the purpose thereof within the regulated jurisdiction generally—effectively impracticable," the court ruled. It declared that such factors as "scarcity of affordable land . . . along with the costs, procedural reequirements, and inherent political aspects of the Special Use, Map Amendment, and Planned Development approval processes . . . are incidental to any high-density urban land use [and thus] do not amount to a substantial burden on religious exercise." *C.L.U.B., et al., v. City of Chicago*, U.S. District Court for the Northern District of Illinois, No. 94-CV-6151; U.S. Court of Appeals for the Seventh Circuit, Appeal No. 01-4030.

2

*Abacab Int'l Computers, Inc.*, 120 F.R.D. at 14. Relevance is an inclusive concept. Thus, objections on this ground are difficult to sustain. Discovery may encompass "any matter that bears on any issue in the case. . . ." *Santiago v. Fenton*, 891 F.2d 373, 379 (1st Cir. 1989) (citation omitted), and relevance includes "any matter that is or may become an issue in the litigation." Multi-Core, Inc. v. Southern Water Treatment Co., 139 F.R.D. 262, 264 n.2 (D.Mass. 1991) (citation omitted). The matters sought need not be admissible in evidence, but rather need to appear "reasonably calculated to lead to . . . admissible evidence." Fed.R.Civ.P. 26 (b) (1).

"Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of the action. *Miller v. Doctor's Gen Hosp.* 76 F.R.D 136, 138 (1977.) Under Rule 33(a), "each interrogatory shall be answered separately and fully in writing ... unless it is objected to ..." Under Rule 37(a) evasive answers are considered failures to answer. Answers to Interrogatories require a "candid statement of the information sought or of the fact that objection is made to furnishing the information. A partial answer by a party reserving an undisclosed objection to answering fully is not candid. It is evasive." *Dollar v. Long Mfg., Inc.*, 561 F.2nd, 616, 617, 618 (1977). The party resisting discovery has the burden to "clarify and explain its objections." *Martin v. Easton Publishing Co.*, 85 F.R.D 312, 315 (1980.)

The Defendant has failed in it burden of demonstrating why the discovery sought should not proceed. *Flag Fables, Inc. v. Jean Ann's Country Flags & Crafts, Inc.*, 730 F.Supp. 1165, 1186 (D.Mass. 1990). If the objecting party contends that the discovery can be obtained from other sources, an affidavit should specify where the information can be obtained. See *Halperin v. Berlandi*, 114 F.R.D. 8, 11 (D.Mass. 1986). The Defendant has not provided such information.

6.  The issues that remain to be decided by the Court with reference to each specific Interrogatory are as follows:

**INTERROGATORY 1.** Identify and provide the name and address of each Church which the Defendant currently owns or operates or in which the Defendant has any financial or proprietary interest and for each such Church please identify and provide the following information:

 a. Nature of the interest and date each interest was acquired.

 b. The name and address of each person attached to this church as a member of the clergy

 c. The name and address of each person involved in the operation and ownership of this church, including the names of the head of the Building Committee, Finance Committee and Parish Council for each Church.

 d. Total membership of the Church.

     e.     Schedule of services, events, and activities which are regularly held at the Church, including the identification of all documents relating to such schedules.

     f.     Whether or not each such Church has use of a Social Hall,

RESPONSE. Defendant objects to this interrogatory as irrelevant and overly burdensome. The question seeks to elicit a description of virtually every aspect of a large organization and its activities. Without waiving the objection, the defendant does provide the attached Exhibit A which provides a large part of the information requested. In addition, there are approximately 235.000 Catholics in the Diocese of Springfield.

RESULT OF RULE 37.1 CONFERENCE. Defendant's answer referred to an Exhibit A which was not, in fact, attached to those Interrogatories. In fact, what was received (as part of the Document Production) was a photocopy of portions of a ring-bound booklet for the Diocese of Springfield which contained approximately eight unnumbered pages and then pages numbered 88 through 151. Attorney Cahillane confirmed that he would provide a further answer to Interrogatory No. 1 to describe the Exhibit A and include the entire booklet. He will also make an effort to determine the number of parishioners for each parish in the Diocese and provide that information. The Defendant will not make further answer to No. 1(e) on the basis of allegedly being irrelevant and overly burdensome. The information requested in No. 1(f) is understood to be included in the booklet to be provided.

DISCUSSION. This Interrogatory seeks to identify the other parishes in the Diocese, the services, events, and activities which are regularly held there and whether or not each such Church has use of a Social Hall. The burden on St. Ann to not have a parish hall to conduct its religious exercise can best be measured by reference to the other parishes in the Diocese. Accordingly, the information sought is clearly relevant. The Exhibit A, a partial (missing many pages) 2004 diocesan directory is non responsive. Attorney Cahillane stated he would provide the entire book. However, Exhibit A contains no financial information for each parish, nothing regarding the number of parishioners per church and nothing identifying the lay leadership. Attorney Cahillane states that there is no central record at the Diocese level of the use of, or the facilities parish halls. Attorney Cahillane's position is that it is too burdensome for the Diocese to have to go to individual parishes to gather this information. He suggested that this was a matter for discovery that Plaintiffs. Since this is relevant information that Defendants will not voluntarily provide, alternatives include: (i) requiring Defendants to provide responses, (ii) Noticing depositions of various parishes and diocesan representatives and using this as a reason for an extended delay in the trial of this matter to allow Plaintiffs to undertake deposition discovery for other pastors around the Diocese or (iii) an order of the Court that each of the parishes in the Diocese (or a portion of the Diocese on the basis of geographic proximity to Lenox or size of parish) be required to answer the specific questions regarding the uses of their facilities and the manner in which they provide services – whether at their facility or elsewhere.

**INTERROGATORY 2:** For each Social Hall listed in response to Interrogatory 1(f) please provide the following information:

 a. Identify and state whether such Social Hall is attached to the Church structure, located on the same or adjoining property as the Church, or leased by the Church on a regular basis.

 b. Provide the date of construction of the Social Hall- its physical dimensions (including height), square footage and, number of stories and the facilities, such as bathrooms and kitchens, contained therein.

 c. State the nature of all activities held in each such Social Hall for the period January 1, 2000 to the present and identify all documents relating to such activities.

 d. State whether the Social Hall was available for rental by Church members or the general public and identify all documents relating to such rentals.

 e. State whether alcohol may be served in the Social Hall.

RESPONSE: Defendant objects to this interrogatory as irrelevant and overly burdensome. Answering the question would require the defendant to make inquiry of approximately 123 parish entities as to multiple details of their operation for no apparent purpose.

RESULT OF RULE 37.1 CONFERENCE. While it is still Defendant's position that to respond to this Interrogatory is overly burdensome, Attorney Cahillane will look into whether a more responsive answer can be provided to the various sections of this Interrogatory.

DISCUSSION. This Interrogatory expands beyond the particulars of the Diocese's parishes to the relevant details of social halls in the Diocese – the essence of this case. See discussion for Interrogatory #1 as to relevance and as to alternatives for resolution.

**INTERROGATORY 4.** For any and all locations in Berkshire County where Defendant holds or has held Church related functions or activities:

 a. Identify each such location.

 b. Identify and describe the nature of the interest in such location.

 c. Identify all documents relating to the use, operation, maintenance and sale of each such location.

RESPONSE: Defendant objects to this interrogatory as irrelevant and overly burdensome. Defendant operates numerous parishes in Berkshire County (all described in Exhibit A). These parishes do engage in and have engaged in multiple activities in pursuit of the Defendant's

mission on a daily basis for many decades. To describe all of their functions and activities and produce all related documents would be an impossible task.

RESULT OF RULE 37.1 CONFERENCE. Defendant will look into determining the number of parish halls and providing the number of parishioners for each parish for the parishes in Berkshire County and Attorney Cahillane will advise whether he will be able to provide a further response to this Interrogatory.

DISCUSSION. This Interrogatory, limited to Berkshire County, seeks information as to how and where Church related functions or activities are conducted. Degendant does not suggest that it seeks irrelevant information, only that is overly burdensome. See Discussion of #1 as alternatives for resolution.

**INTERROGATORY 5**. With regard to the property commonly known as the "Knights of Columbus" building in the Town of Lenox, identify and describe:

    a.    All activities held at such location.

    b.    The period during which it was used by Defendant or by St. Ann Church.

    c.    Any discussions regarding the purchase, sale or lease of such facility.

    d.    All documents relating to the use, operation, maintenance, purchase and/or sale of this facility.

RESPONSE: To the best of defendant's knowledge, there is not presently a Knights of Columbus building in the Town of Lenox. Defendant believes there was a Knights of Columbus building was sold approximately 15 years ago. St. Ann Church has not utilized such a building in recent years and could not accurately describe any prior use with accuracy

RESULT OF RULE 37.1 CONFERENCE. Defendant will not provide more information as to the use by the Defendant or by St. Ann Church of the Knights of Columbus building.

DISCUSSION. The former "Knights of Columbus" building is a building located in downtown Lenox that was used by St. Ann's for certain of its Church related functions or activities. How the church used that facility and the specifics as to whether or not St. Ann's had the ability to purchase or otherwise gain control of that existing building, as an alternative to building a new parish hall is relevant.

**INTERROGATORY 6**. Identify the names of all members of the Building Committee, Finance Committee and Parish council for St. Ann Church from January 1, 2000 to date and identify, provide and describe:

6

    a.      A description of the duties of each committee

    b.      All records, notes and correspondence from each committee

    c.      The extent to which each committee has progressed in the exercise of is duties, including any and all fundraising activities.

RKSPONSE: The following are the current members of the Building Committee:
Fr. Christopher Waitekus
Jean Drees
Dr. Kevin Mitz
Joseph Cacciola
Rev. George Keator
Larry Anzivino
Tom Bosworth
William Leary
Sandy Merlino
Robert Liston

The committee does not have a formal set of duties. Defendant objects to producing any and all records for the committee as irrelevant. Defendant further objects to subsection (c) as vague and irrelevant.

The following are current members of the Finance Committee:
Fr. Christopher Waitekus
Joseph Cacciola
Gordon Griffin
David Keator
Mark McKenna
Frank Vahle
Barbara Bilyeu
Paul Ganache
Anne Morgan

The duties of the Finance Committee are described in the attached booklet. Defendant objects to subsections (b) and (c) as irrelevant, vague and overly burdensome.

The following are members of the Pastoral Council:

Fr. Christopher Waitekus
Edward Bride
Patricia Archey
Rose Fitzgerald-Casey

7

William Leary
Rev. George Keator
Steven Sweeny
Francis Morley
Christine Cooney
Michael Cooney
Joan Hobbs
May Ellen Leahy
Mark Leahy
Nora O'Brien
Michael Kelly
Claire Mooney
Dr. Paula Blagg
Maureen Jarvis
Joseph Cacciola (ex officio)
Denis Flynn (ex officio)

The duties of the council are described in the attached booklet. Defendant objects to subsections (b) and (c) as vague, irrelevant and overly burdensome.

RESULT OF RULE 37.1 CONFERENCE. Defendant will inquire as to whether there are minutes or other records of the meetings and provide a further answer to this Interrogatory in that regard.

DISCUSSION. This interrogatory seeks to identify the Committees and members of the parish of St. Ann's regarding Building and Finance and the records of their meetings and progress. The answers to these questions – discussion of their needs for a new hall, plans for use for the hall, discussion of alternatives and their ability to construct and maintain the hall – are relevant to the issues of burden on religious exercise and on compliance with local zoning laws. As in #1, the options include deposing a large number of individuals to determine the answers to these questions.

**INTERROGATORY 7.** Identify and describe the financial operations of St. Ann Church, including all budgets, fundraising activities, pledges and bequests, capital campaigns, statements of income and expenses for each year from January 1, 2000 to the present, including, without limitation, the number of weekly collection envelopes distributed and returned. Identify and describe any and all documents relating to such operations.

RESPONSE: Defendant objects to the interrogatory as irrelevant and beyond the scope of discovery.

RESULT OF RULE 37.1 CONFERENCE. Defendant continues to object to the Interrogatory as irrelevant and beyond the scope of discovery.

DISCUSSION. The Defendant objects in a blanket fashion to any inquiry into the finances or financial operations of the Diocese. The Plaintiffs believe such information is relevant. RLUIPA's test of whether the land use regulation imposes a substantial burden on the religious exercise of an institution or assembly cannot be measured in a vacuum. What alternatives are available (on that location or another), what resources can be marshalled to pay the increased costs of (or even to explore) such alternatives, whether the finances of the organization make the construction or maintenance of such facility realistic – these are relevant areas of inquiry which cannot be measured without information as to the finances or financial operations of the Diocese.

**INTERROGATORY 8.** With respect to the use of St. Ann Church from January 1, 2000 to the present, please identify, describe and provide the following information:

    a.    The type and number of religious services held in the Church, the duration of each type of service and an estimate of the number of attendees at each type of service.

    b.    The type and number of regular meetings held in the Church, the duration of each meeting and an estimate of the number of attendees at each meeting.

    c.    Any Church events, receptions or functions which are not covered by categories "a" and "b" above.

    d.    Any documents related to the use of St. Ann Church by members and nonmembers, including but not limited to calendars, appointment books and schedules.

    e.    Any documents made available to members of St. Ann Church relating to activities of St. Ann Church, including but not limited to all newsletters published by St. Ann Church or Defendant.

RESPONSE:

    a.    Defendant objects to an inquiry into the number and type of religious services held in the church as irrelevant and unconstitutional under the First Amendment. Without waiving the objection, the defendant can state that regular masses are held in accordance with the schedules in Exhibit A (p. 113). The church does not keep attendance.

    b.    Meetings are often held outside the parish property. Some meetings are held in the rectory, but space is quite limited. The parish council usually meets at a local inn - most recently the Summer White House. CCD is held at the local high school and grade school.

    c.    The Church holds a St. Patrick's Day party at Eastover. Last year the attendance was approximately 150. The Church usually holds a lawn party on its grounds, under a tent.

    d.    The defendant objects to this interrogatory as vague, irrelevant and overly

burdensome.

    e.    The defendant objects to this interrogatory as vague, irrelevant and overly burdensome.

RESULT OF RULE 37.1 CONFERENCE. Defendant will provide a further answer to No. 8(a) and will inquire into whether you can provide a further answer to No. 8(d) and No. 8(e), otherwise, Defendant will not provide further answers to this Interrogatory.

DISCUSSION. This Interrogatory goes to the use of the facilities at St. Ann church. Without such information, the burden of not having a new hall to provide such uses is impossible. Defendant appears to suggest that any inquiry into such use is unconstitutional. Plaintiff seeks detailed responses to these requests.

**INTERROGATORY 9.** With respect to any St. Ann Church meeting, event, reception or function not held on St. Ann Church property, identify and describe:

    a.    Each such meeting, event, reception or function.

    b.    The number of attendees.

    c.    The location and duration.

    d.    Whether such meeting, event, reception or function was regularly scheduled, and if so, how often.

    e.    Any documents related to any such meeting, event, reception or function including but not limited to: newsletters, calendars, appointment books, schedules, memoranda and correspondence.

RESPONSE: See answer to Interrogatory 8.

RESULT OF RULE 37.1 CONFERENCE. Defendant will inquire as to what information is available in response to this Interrogatory.

DISCUSSION. This Interrogatory goes to the use of facilities other than St. Ann church to meet the needs of its parishioners. Presumably, these functions are part of the needs and religious exercise of the parish and how the new parish hall will affect these current services is relevant. Without such information, the burden of not having a new hall to provide such uses is impossible. Defendant appears to suggest that any inquiry into such use is unconstitutional. Plaintiff seeks detailed responses to these requests.

**INTERROGATORY 10.** For each instance where any monies, including donations, were

10

received by St. Ann Church or by Defendant in consideration for, or in connection with the use of St. Ann Church facilities for any member and nonmember activities, identify and describe:

    a.    Each such instance including the number of attendees and the person or organization from whom the monies or donation was received.

    b.    Any documents evidencing gross receipts for such use for each year from January 1, 2000 through the present, including general ledgers, cash receipts ledgers and financial statements.

RESPONSE:   Defendant objects to this interrogatory as irrelevant and overly burdensome.

RESULT OF RULE 37.1 CONFERENCE.  Attorney Cahillane will inquire as to what information is available in response to this Interrogatory except that he will not provide a further answer to No. 10(b).

DISCUSSION.  This interrogatory seeks information as to fees received for use of St. Ann facilities.  This is relevant not only to the question of finances discussed above but to the question as to the extent to which the use of the new hall will be for the religious exercise of the parish or for the private use of parishioners or third parties.  The financial aspect of this question goes to the extent to which the parish will promote such private or third party use of the hall.

**INTERROGATORY 11**.  With respect to the construction of a Social Hall at St. Ann Church, including, without limitation, the building that is the issue of this case, please identify and describe:

    a.    All architects, engineers, designers and consultants retained.

    b.    Any plans, elevations, sketches and models.

    c.    Any cost estimates, contracts, consulting agreements, invoices and expense ledgers.

    d.    The planned or contemplated uses of the hall.

    e.    The burden or hardship (including stating the basis for any allegation of such burden or hardship) to St Ann Church or the Defendant if the construction of the hall were not permitted.

RESPONSE:
    a.    Thomas Arienti (Architect); Robert Hoogs (Engineer); Foresight Land Services, Pittsfield; Steve Vukovick (Building Consultant), Springfield.

    b.    Most of these documents are in the possession of the architect and will be made available for copying at a mutually convenient time. Documents in the possession of counsel are attached.

    c.    Defendant objects to this interrogatory as irrelevant and beyond the scope of discovery.

    d.    The defendant plans to use the hall for functions ancillary to and related to all the activities of the Church including: an office tor administration, in particular for religious education; gatherings after religious functions and meetings of parish councils and committees.

    e.    The parish is unable to satisfactorily accomplish all of its religious functions with respect to religious education and administration of the church without additional space. Parishioners are further constrained from joining together after religious services due to the absence of space.

RESULT OF RULE 37.1 CONFERENCE. Defendant will not provide a further answer to No. 11(c). It is Defendant's position that the cost estimates, invoices and expense ledgers as well as other financial information having to do with the financial operations of the parish including the specific information with regard to the parish hall is irrelevant and beyond the scope of discovery.

DISCUSSION. Subparagraph (c) is the sticking point here. This interrogatory goes directly to the cost of the hall that the Diocese is requesting to build. The Plaintiffs believe that the financial aspects of the operation of St. Ann, including the cost of construction of the hall, are relevant as mentioned in Interrogatories 1, 6, 7 and 10, above.

**INTERROGATORY 12.** Respecting the governance and control of St. Ann Church, identify and describe:

    a.    The persons and their title and position responsible for supervising the operation of St. Ann Church .

    b.    The current and two prior pastors of St. Ann Church.

    c.    Any efforts or activities by such persons or pastors in connection with the leasing, purchasing, funding, design or construction of a Social Hall on Defendant's property or in the Town of Lenox.

    d.    Any documents relating to the efforts of such persons or pastors to fund, design or construct a Social Hall.

    e.    Other employees, specifically including secretarial, cleaning and maintenance

personnel.

RESPONSE:

    a.    The pastor of the church is Fr. Christopher Waitekus.

    b.    The prior pastor was Fr. Daniel Brunton. Further research is required to determine correctly who preceded Fr. Brunton. but further answer is objected to as irrelevant and burdensome.

    c. and d.    The defendant objects to these interrogatories as irrelevant and overly burdensome. Without waiving objection, defendant can state that in approximately 1989-1991, efforts were made to raise funds for a parish hall. Defendant believes there have been prior efforts, but does not have sufficient current information to discuss them in detail. Proposals for the hall (attached) were presented to the Diocese in November 2001, September-2002, and November 2003.

    e.    The parish presently has four employees in addition to the pastor and deacon; an administrative assistant, a housekeeper, a maintenance employee and a director of religious education.

RESULT OF RULE 37.1 CONFERENCE. Defendant will not provide a further answer to this Interrogatory.

DISCUSSION. This Interrogatory seeks to identify the people who to govern or work at St. Ann. Attorney Cahillane suggests that Plaintiffs depose these individuals to gather this information. He will not inquire of them to obtain answers. Unlike his other objections, where he takes the position that Diocese-wide information is irrelevant and Plaintiffs can only inquire about St. Ann's, this is an instance where he states that he is representing the Diocese and doesn't control St. Ann's. See Interrogatory #1 as to alternatives to obtain this information if Defendant is not required to obtain it.

**INTERROGATORY 13.** Respecting the financial and organizational relationship between St. Ann Church and Defendant, identify and describe:

    a.    The financial and organizational relationship between St. Ann Church and Defendant.

    b.    Any discussions and/or planning relating to the expansion, reduction, closing or opening of any Church in Berkshire County from 1994 to date including changes in staffing for such Churches respecting clergy assignments.

    c.    Any documents relating to such discussions and planning

RESPONSE: Defendant objects to this interrogatory as irrelevant, overly burdensome and as privileged information under the First Amendment to the Constitution.

RESULT OF RULE 37.1 CONFERENCE. With respect to No. 13(a) Attorney Cahillane will look into the possibility of providing a response. He will not provide a further response to No. 13(b) or (c).

DISCUSSION. This interrogatory seeks to identify the relationship of the parish to Diocese and plans for expansion or contraction. The Diocese as a corporate entity owns and controls the real estate at St. Ann church as well at every parish in the Diocese. As such, the Diocese legally controls the parish hall project: its construction and use. Information as to the plans for the use of other facilities – whether because of expansion, reduction, closing or opening of any Church in Berkshire County in the past 10 years – is relevant to the Diocese's needs at St. Ann.

    7.    Document Requests. The Documents produced included the following: (a) Parish Finance Council Charter (which was unsigned and included blanks), (b) Elevation and Site Plans for the hall, (c) Finance Council Guidelines from 1994 with a blank, unsigned Charter, (d) Diocese of Springfield booklet which was missing many pages and sections and (e) Three "Parish Center Proposals" from 2001, 2002 and 2003.

    The issues that remain to be decided by the Court with reference to the Document Request are as follows: In general, the Document Requests tracked the Interrogatories. Defendant's responses also tracked Defendant's Interrogatory responses: as irrelevant, overly burdensome and beyond the scope of discovery. Specifically, Defendants gave such answer to Requests No. 1, 2, 3, 5, 7, 8, 9, 10, 11, 13. Plaintiffs state that such areas of inquiry are relevant, that the specific requests are not overly burdensome and that Defendant ought to be required to provide responsive responses. Since this is relevant information that Defendants will not voluntarily provide, Plaintiffs restate the alternatives to obtain this information: (i) requiring Defendants to provide responses, (ii) Noticing depositions of various parishes and diocesan representatives and using this as a reason for an extended delay in the trial of this matter to allow Plaintiffs to undertake deposition discovery for other pastors around the Diocese or (iii) an order of the Court that each of the parishes in the Diocese (or a portion of the Diocese on the basis of geographic proximity to Lenox or size of parish) be required to answer the specific questions regarding the uses of their facilities and the manner in which they provide services – whether at their facility or elsewhere.

                            Respectfully submitted,

                            Plaintiffs Daniel Mintz, et al

                            by John R. Gobel; BBO#196340

Gobel & Hollister
106 Wendell Avenue
Pittsfield, MA 01201

_____
Daniel H. Mintz
Admitted Pro Hac Vice

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on this January ___25___, 2005 to the following counsel of record by first class mail, postage prepaid:

Maurice M. Cahillane
Egan, Flanagan and Cohen
67 Market Street
P.O. Box 9035
Springfield, MA 01102

Jerome J. Scully
Hannon Lerner Cowhig Scully & Bell
184 Main Street
P. O. Box 697
Lee, MA 01238-0697

_____
John R. Gobel; BBO#196340

15