UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-10809-MAP

| | |
|---|---|
| DANIEL MINTZ, ANDREA WINTER, JAMES BIANCOLO AND SANDRA BIANCOLO, ANN PHILLIPS, STEVEN BAUM, CAROL WINSTON, VERNON KOHLENBERGER AND DONNA KOHLENBERGER, LAWRENCE WOLFE AND PAMELA WOLFE, CRAIG PEHLERT AND MELISSA PEHLERT AND ROBERT HACKMANN AND JANE HACKMANN, <br> Plaintiffs <br><br> v. <br><br> THE ROMAN CATHOLIC BISHOP OF SPRINGFIELD, THOMAS L. DUPRE, BISHOP; ARLENE D. SCHIFF, CLIFFORD SNYDER, HAROLD BROWN, JEFF HALL AND NED DOUGLAS AND EDWIN MAY, <br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**DEFENDANT, ROMAN CATHOLIC BISHOP OF SPRINGFIELD AND DIOCESE OF SPRINGFIELD'S ANSWERS TO INTERROGATORIES**

**INTERROGATORY 1.** Identify and provide the name and address of each Church which the Defendant currently owns or operates or in which the Defendant has any financial or proprietary interest and for each such Church please identify and provide the following information:

    a.    Nature of the interest and date each interest was acquired.

    b.    The name and address of each person attached to this church as a member of the clergy.

    c.    The name and address of each person involved in the operation and ownership of this church, including the names of the head of the Building Committee, Finance Committee and Parish Council for each Church.

1

  d. Total membership of the Church.
  e. Schedule of services, events, and activities which are regularly held at the Church, including the identification of all documents relating to such schedules.

  f. Whether or not each such Church has use of a Social Hall.

**RESPONSE:** Defendant objects to this interrogatory as irrelevant and overly burdensome. The question seeks to elicit a description of virtually every aspect of a large organization and its activities. Without waiving the objection, the defendant does provide the attached Exhibit A which provides a large part of the information requested. In addition, there are approximately 235,000 Catholics in the Diocese of Springfield.

**INTERROGATORY 2:** For each Social Hall listed in response to Interrogatory 1(f), please provide the following information:

  a. Identify and state whether such Social Hall is attached to the Church structure, located on the same or adjoining property as the Church, or leased by the Church on a regular basis.

  b. Provide the date of construction of the Social Hall, its physical dimensions (including height), square footage and, number of stories and the facilities, such as bathrooms and kitchens, contained therein.

  c. State the nature of all activities held in each such Social Hall for the period January 1, 2000 to the present and identify all documents relating to such activities.

  d. State whether the Social Hall was available for rental by Church members or the general public and identify all documents relating to such rentals.

  e. State whether alcohol may be served in the Social Hall.

**RESPONSE:** Defendant objects to this interrogatory as irrelevant and overly burdensome. Answering the question would require the defendant to make inquiry of approximately 123 parish entities as to multiple details of their operation for no apparent purpose.

**INTERROGATORY 3:** With respect to the acquisition, construction, addition to or renovation of Church property including but not limited to Social Halls:

  a. Identify and describe any policies and procedures of Defendant which currently exist or have existed from January 1, 2000 to date.

  b. Identify all person employed by Defendant responsible for such policies or

    a.    A description of the duties of each committee.

    b.    All records, notes and correspondence from each committee.

    c.    The extent to which each committee has progressed in the exercise of its duties, including any and all fundraising activities.

**RESPONSE:** The following are the current members of the Building Committee:

- Fr. Christopher Waitekus
- Jean Drees
- Dr. Kevin Mitz
- Joseph Cacciola
- Rev. George Keator
- Larry Anzivino
- Tom Bosworth
- William Leary
- Sandy Merlino
- Robert Liston

The committee does not have a formal set of duties. Defendant objects to producing any and all records for the committee as irrelevant. Defendant further objects to subsection (c) as vague and irrelevant.

The following are current members of the Finance Committee:

- Fr. Christopher Waitekus
- Joseph Cacciola
- Gordon Griffin
- David Keator
- Mark McKenna
- Frank Vahle
- Barbara Bilyeu
- Paul Ganache
- Anne Morgan

The duties of the Finance Committee are described in the attached booklet.

Defendant objects to subsections (b) and (c) as irrelevant, vague and overly burdensome.

The following are members of the Pastoral Council:

Fr. Christopher Waitekus
Edward Bride
Patricia Archey
Rose Fitzgerald-Casey
William Leary
Rev. George Keator
Steven Sweeny
Francis Morley
Christine Cooney
Michael Cooney
Joan Hobbs
May Ellen Leahy
Mark Leahy
Nora O'Brien
Michael Kelly
Claire Mooney
Dr. Paula Blagg
Maureen Jarvis
Joseph Cacciola (ex officio)
Denis Flynn (ex officio)

The duties of the council are described in the attached booklet.

Defendant objects to subsections (b) and (c) as vague, irrelevant and overly burdensome.

**INTERROGATORY 7:** Identify and describe the financial operations of St. Ann Church, including all budgets, fundraising activities, pledges and bequests, capital campaigns, statements of income and expense for each year from January 1, 2000 to the present, including, without limitation, the number of weekly collection envelopes distributed and returned. Identify and describe any and all documents relating to such operations.

**RESPONSE:** Defendant objects to the interrogatory as irrelevant and beyond the scope of discovery.

**INTERROGATORY 8:** With respect to the use of St. Ann Church from January 1, 2000 to the present, please identify, describe and provide the following information:

    a. The type and number of religious services held in the Church, the duration of each type of service and an estimate of the number of attendees at each type of service.

    b. The type and number of regular meetings held in the Church, the duration of each meeting and an estimate of the number of attendees at each meeting.

5

    c.    Any Church events, receptions or functions which are not covered by categories "a" and "b" above.

    d.    Any documents related to the use of St. Ann Church by members and nonmembers, including but not limited to calendars, appointment books and schedules.

    e.    Any documents made available to members of St. Ann Church relating to activities of St. Ann Church, including but not limited to all newsletters published by St. Ann Church or Defendant.

**RESPONSE:**   a.   Defendant objects to an inquiry into the number and type of religious services held in the church as irrelevant and unconstitutional under the First Amendment. Without waiving the objection, the defendant can state that regular masses are held in accordance with the schedules in Exhibit A (p. 113). The church does not keep attendance.

    b.    Meetings are often held outside the parish property. Some meetings are held in the rectory, but space is quite limited. The parish council usually meets at a local inn - most recently the Summer White House. CCD is held at the local high school and grade school.

    c.    The Church holds a St. Patrick's Day party at Eastover. Last year the attendance was approximately 150. The Church usually holds a lawn party on its grounds, under a tent.

    d.    The defendant objects to this interrogatory as vague, irrelevant and overly burdensome.

    e.    The defendant objects to this interrogatory as vague, irrelevant and overly burdensome.

**INTERROGATORY 9:**   With respect to any St. Ann Church meeting, event, reception or function not held on St. Ann Church property, identify and describe:

    a.    Each such meeting, event, reception or function.

    b.    The number of attendees.

    c.    The location and duration.

    d.    Whether such meeting, event, reception, or function was regularly scheduled, and if so, how often.

    e.    Any documents related to any such meeting, event, reception, or function including but not limited to: newsletters, calendars, appointment books, schedules, memoranda and correspondence.

RESPONSE:   See answer to Interrogatory 8.

**INTERROGATORY 10:**   For each instance where any monies, including donations, were received by St. Ann Church or by Defendant in consideration for, or in connection with the use of St. Ann Church facilities for any member and nonmember activities, identify and describe:

   a.   Each such instance including the number of attendees and the person or organization from whom the monies or donation was received.

   b.   Any documents evidencing gross receipts for such use for each year from January 1, 2000 through the present, including general ledgers, cash receipts ledgers and financial statements.

**RESPONSE:**   Defendant objects to this interrogatory as irrelevant and overly burdensome.

**INTERROGATORY 11:**   With respect to the construction of a Social Hall at St. Ann Church, including, without limitation, the buildings that is the issue of this case, please identify and describe:

   a.   All architects, engineers, designers and consultants retained.

   b.   Any plans, elevations, sketches and models.

   c.   Any cost estimates, contracts, consulting agreements, invoices and expense ledgers.

   d.   The planned or contemplated uses of the hall.

   e.   The burden or hardship (including stating the basis for any allegation of such burden or hardship) to St. Ann Church or the Defendant if the construction of the hall were not permitted.

**RESPONSE:**   a.   Thomas Arienti (Architect); Robert Hoogs (Engineer); Foresight Land Services, Pittsfield; Steve Vukovick (Building Consultant), Springfield.

   b.   Most of these documents are in the possession of the architect and will be made available for copying at a mutually convenient time. Documents in the possession of counsel are attached.

   c.   Defendant objects to this interrogatory as irrelevant and beyond the scope of discovery.

   d.   The defendant plans to use the hall for functions ancillary to and related to all the

7

activities of the Church including: an office for administration, in particular for religious education; gatherings after religious functions and meetings of parish councils and committees.

e. The parish is unable to satisfactorily accomplish all of its religious functions with respect to religious education and administration of the church without additional space. Parishioners are further constrained from joining together after religious services due to the absence of space.

**INTERROGATORY 12:** Respecting the governance and control of St. Ann Church, identify and describe:

    a. The persons and their title and position responsible for supervising the operation of St. Ann Church.

    b. The current and two prior pastors of St. Ann Church.

    c. Any efforts or activities by such persons or pastors in connection with the leasing, purchasing, funding, design or construction of a Social Hall on Defendant's property or in the Town of Lenox.

    d. Any documents relating to the efforts of such persons or pastors to fund, design or construct a Social Hall.

    e. Other employees, specifically including secretarial, cleaning, and maintenance personnel.

**RESPONSE:** a. The pastor of the church is Fr. Christopher Waitekus.

    b. The prior pastor was Fr. Daniel Brunton. Further research is required to determine correctly who preceded Fr. Brunton, but further answer is objected to as irrelevant and burdensome.

    c. and d. The defendant objects to these interrogatories as irrelevant and overly burdensome. Without waiving objection, defendant can state that in approximately 1989-1991, efforts were made to raise funds for a parish hall. Defendant believes there have been prior efforts, but does not have sufficient current information to discuss them in detail. Proposals for the hall (attached) were presented to the Diocese in November 2001, September 2002, and November 2003.

    e. The parish presently has four employees in addition to the pastor and deacon; an administrative assistant, a housekeeper, a maintenance employee and a director of religious education.

8

**INTERROGATORY 13:** Respecting the financial and organizational relationship between St. Ann Church and Defendant, identify and describe:

    a. The financial and organizational relationship between St. Ann Church and Defendant.

    b. Any discussions and/or planning relating to the expansion, reduction, closing or opening of any Church in Berkshire County from 1994 to date including changes in staffing for such Churches respecting clergy assignments.

    c. Any documents relating to such discussions and planning.

**RESPONSE:** Defendant objects to this interrogatory as irrelevant, overly burdensome and as privileged information under the First Amendment to the Constitution.

**INTERROGATORY 14:** Respecting the rectory associated with St. Ann Church, for the period January 1, 1994 to the present, identify and describe:

    a. Any policies and procedures of Defendant or of St. Ann Church for the use thereof.

    b. Any person who uses such rectory on a regular basis as a residence or place of work, including the period of time of such use and an identification of such use.

**RESPONSE:** a. None; b. The rectory is used by the pastor as a full time residence and as a place to work. In addition, an administrative assistant (Debbie Kuni), a housekeeper (Alice Canning), and the director of the CCD program (Denise Flynn) work at the rectory.

**INTERROGATORY 15:** Respecting parking at St. Ann Church, including on-site and off-site parking in connection with use of St. Ann Church facilities, identify and describe:

    a. Any policies, procedures or practices regarding such parking.

    b. Any documents relating to the expansion or modification thereof.

    c. Any plans, surveys, and studies related thereto.

    d. Any persons retained by Defendant or St. Ann Church regarding the expansion or modification thereof.

    e. The name any organization or entity which regularly uses Defendant's parking facilities at St. Ann Church and the relationship of such organization or entity to Defendant or St. Ann Church.

9

RESPONSE:   a.  None;

      b.  See Response to Request for Production of Documents.

      c.  See Response to Request for Production of Documents.

      d.  See Answer to Interrogatory No. 11.

      e.  Roche Funeral Home is permitted to use St. Ann's parking lot for overflow and vice versa.

**INTERROGATORY 16:** Please identify each and every written document which Defendant intends to introduce at trial in this matter.

**RESPONSE:** Defendant objects to this interrogatory as beyond the scope of discovery.

**INTERROGATORY 17:** Please identify each and every witness that Defendant intends to call to testify at trial in this matter.

**RESPONSE:** Defendant objects to this interrogatory as beyond the scope of discovery.

**INTERROGATORY 18:** Please identify each and every expert witness that Defendant intends to call at trial and for each such witness, state the following:

      a.  The subject matter upon which the expert is expected to testify;

      b.  The substance of the facts to which the expert is expected to testify;

      c.  The substance to the opinions to which the expert is expected to testify; and

      d.  The summaries of the grounds for each such opinion.

**RESPONSE:** None.

**INTERROGATORY 19:** Identify each person with knowledge of relevant facts or discoverable materials and summarize what you believe to be that person's knowledge.

**RESPONSE:**

      a.  Fr. Christopher J. Waitekus
      b.  Joseph Cacciola
      c.  Thomas Arienti

10

    d.    Above named members of the Pastoral Council, Building Committee and Finance Committee
    e.    Edwin May
    f.    Joseph Kostek
    g.    Robert Hoogs
    h.    Fr. Adrian Benoit, Immaculate Heart of Mary Parish, Granby, MA

Subscribed and sworn to under the pains and penalties of perjury this _17th_ day of December, 2004.

_____
JOSEPH A. CACCIOLA


THE DEFENDANT
THE ROMAN CATHOLIC BISHOP OF SPRINGFIELD
AND THE DIOCESE OF SPRINGFIELD
BY ITS ATTORNEY

_____
Maurice M. Cahillane, Esq., BBO# 069660
EGAN, FLANAGAN AND COHEN, P.C.
67 Market Street - Post Office Box 9035
Springfield, MA 01102
Tel: (413) 737-0260;  Fax: (413) 737-0121

11

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served this __20th__ day of December, 2004, on all parties, by First Class Mail, postage prepaid, to:

Jerome J. Scully, Esq., Hannon, Lerner, Cowhig, Scully & Bell
184 Main Street, Lee, MA 01238

John R. Gobel, Esq., Gobel & Hollister
106 Wendell Avenue, Pittsfield, MA 01201

Daniel Mintz, Esq.
26 St. Ann's Avenue, Lenox, MA 01240

_____
Maurice M. Cahillane

0417-030458\80119.wpd

## GOBEL & HOLLISTER
### ATTORNEYS AT LAW

fax/and mail

January 5, 2005

VIA FACSIMILE (413-737-0121)

Maurice M. Cahillane, Esq.
Egan, Flanagan and Cohen
67 Market Street
P.O. Box 9035
Springfield, MA 01102

Subject: Mintz, *et al* v. The Roman Catholic Bishop of Springfield, *et al*

Dear Maurice:

This letter is intended to review and confirm the discussions at our Rule 37.1 Discovery Conference on January 4, 2005 attended (by conference call) by you, me and Daniel Mintz. I will address these discussions by reference to the Interrogatory numbers set forth in the Interrogatories that you answered under your letter of December 20, 2004. Plaintiff is not waiving any rights to file a Motion to Compel.

1. Your answer referred to an Exhibit A which was not, in fact, attached to those Interrogatories. In fact, what was received (as part of the Document Production) was a photocopy of portions of a ring-bound booklet for the Diocese of Springfield which contained approximately eight unnumbered pages and then pages numbered 88 through 151. You confirmed that you would provide a further answer to Interrogatory No. 1 to describe the Exhibit A and include the entire booklet. You will also make an effort to determine the number of parishioners for each parish in the Diocese and provide that information. The Defendant will not make further answer to No. 1(e) on the basis of allegedly being irrelevant and overly burdensome. The information requested in No. 1(f) is understood to be included in the booklet to be provided.

2. While it is still your position that to respond to this Interrogatory is overly burdensome, you will look into whether a more responsive answer can be provided to the various sections of this Interrogatory.

4. You will look into determining the number of parish halls and providing the number of parishioners for each parish for the parishes in Berkshire County and you will advise whether you will be able to provide a further response to this Interrogatory.

5. You will not provide more information as to the use by the Defendant or by St. Ann Church of the Knights of Columbus building.

6. You will inquire as to whether there are minutes or other records of the meetings and provide a further answer to this Interrogatory in that regard.

JOHN R. GOBEL   P. KEYBURN HOLLISTER   DANA S. DOYLE
106 WENDELL AVENUE, PITTSFIELD, MASSACHUSETTS 01201
TEL. 413-443-7357   FAX 413-499-2981

GOBEL & HOLLISTER
ATTORNEYS AT LAW

JOHN R. GOBEL    P. KEYBURN HOLLISTER    DANA S. DOYLE
106 WENDELL AVENUE, PITTSFIELD, MASSACHUSETTS 01201
TEL 413-443-7335    FAX 413-499-2981

7.    You continue to object to the Interrogatory as irrelevant and beyond the scope of discovery.

8.    You will provide a further answer to No. 8(a) and will inquire into whether you can provide a further answer to No. 8(d) and No. 8(e), otherwise, you will not provide further answers to this Interrogatory.

9.    You will inquire as to what information is available in response to this Interrogatory.

10.   You will inquire as to what information is available in response to this Interrogatory except that you will not provide a further answer to No. 10(b).

11.   You will not provide a further answer to No. 11(c). It is your position that the cost estimates, invoices and expense ledgers as well as other financial information having to do with the financial operations of the parish including the specific information with regard to the parish hall is irrelevant and beyond the scope of discovery.

12.   You will not provide a further answer to this Interrogatory.

13.   With respect to No. 13(a) you will look into the possibility of providing a response. You will not provide a further response to No. 13(b) or (c).

16 and 17.    You will not provide a further answer to either of these Interrogatories as we expect that these matters will be disclosed at a pre-trial conference.

I understand that you will get back to me within a week, that is, by January 12, 2005 as to whether you will be able to provide the further answers that were discussed in this Interrogatory. As to the Document Production responses: except for documents produced as part of the "further inquiry" outlined above, you will not provide further documents. The two principal bases are (i) it is your position that it is overly burdensome for Defendant to inquire of, and provide information respecting other parishes in the Diocese and (ii) it is your position that any financial information of the diocese or parishes is not discoverable. The Plaintiffs look forward to receiving your reply.

Very truly yours,

John R. Gobel

JRG:pjk

cc:    Daniel Mintz