UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2005 JUN -9  A 11: 49

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| DANIEL MINTZ, ANDREA WINTER,<br>JAMES BIANCOLO AND SANDRA BIANCOLO,<br>ANN PHILLIPS, STEVEN BAUM,<br>CAROL WINSTON, VERNON KOHLENBERGER<br>AND DONNA KOHLENBERGER,<br>LAWRENCE WOLFE AND PAMELA WOLFE,<br>CRAIG PEHLERT AND MELISSA PEHLERT<br>AND ROBERT HACKMANN AND<br>JANE HACKMANN,<br>　　　　　Plaintiffs | ) ) ) ) ) ) ) ) ) ) ) ) | |
| v. | ) ) | Civil Action No.  04-10809-MAP |
| THE ROMAN CATHOLIC BISHOP OF<br>SPRINGFIELD, THOMAS L. DUPRE, BISHOP;<br>ARLENE D. SCHIFF, CLIFFORD SNYDER,<br>HAROLD BROWN, JEFF HALL AND<br>NED DOUGLAS AND EDWIN MAY,<br>　　　　　Defendants | ) ) ) ) ) ) ) ) | |

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1.   The defendant, the Roman Catholic Bishop of Springfield (RCB), is the owner of land in Lenox which contains a church and a rectory known as St. Ann's Parish.

2.   The property is located near the center of town in Lenox in an area zoned R-15 (residential, with a minimum lot size of 15,000 sq. ft. *Town of Lenox Zoning Bylaw (LZB) §3.6 (Exh. 1)*.

3.   A religious use is a permitted use within the zone. *Exh. 1, LZB, Table 6.6-1*.

4.   The site plan shows the location of the church and rectory on the St. Ann property, as

well as the proposed location of the parish hall. (Complaint, Exh. C)

5.   The other churches in Lenox have a parish hall (Exh. 2, pp. 129-131).

6.   Presently, almost all of the administration functions of the church are squeezed into a rectory intended as a residence for priests (Exh. 2, pp. 32-36).

7.   The rectory presently includes three offices for the pastor, administrative assistant and director of religious education (Exh. 2, pp. 24-25, 59-60).

8.   The rectory presently holds parish council meetings, finance council meetings, RCIA meetings (Right of Christian Initiation-Catechism for Adults), CCD council meetings and planning meetings (Exh. 2, pp. 32-36). These meetings are held in the living room, dining room and kitchen of the residence (Exh. 2, pp. 32-36).

9.   The Director of Religious Education has an office on the second floor in a former bedroom next to the other bedrooms (Exh. 2, pp. 59-60).

10.  Parish council meetings often must be held at an outside location because of the size of the council (Exh. 2, pp. 32-34).

11.  The proposed hall has a capacity for 150 people (Complaint, Exh. A, para. 13).

12.  The building would contain about 3,370 square feet of space (Complaint, Exh. A, para. 12).

13.  Section 9.18 contains special provisions only applicable to religious and private educational uses. It provides:

> Any non-municipal educational use or any religious use is subject to the following regulations:
>
> (a)   Maximum building height - 2 stories or 35 feet.
> (b)   Maximum building coverage - 4%

2

(c)    Setback - two hundred (200) feet buffer surrounding the property to be kept undeveloped except for entrance and exit roadways.

(d)    Major access roads and major parking areas subject to frequent use day or night shall be paved. Major roads are to be eighteen (19) feet wide and shall not exceed a 7 1/2% grade.

(e)    Parking areas shall be screened as provided in Section 2: DEFINITIONS - SCREENING - (a) and (c).

(f)    Parking areas shall be within three hundred (300) feet of the building to be served.

(g)    Parking requirements:

     (1)    Place of assembly: 1 space for every three (3) seats.

     (2)    Classrooms and/or dormitories:

| | |
|---|---|
| Grade 1-10 | 1 space for each staff member |
| Grade 10-12 | 1 space for each staff member plus 1 space for every two students. |
| College | 1 space for each staff member plus two (2) spaces for every three (3) students. |

*(Exh. 1, LZB, §9.18)*

14.    With these restrictions, in particular the 4% maximum building coverage, St. Ann could not build a parish hall on its property.

15.    As discussed below, no other use of any kind that is permitted under the bylaw, in any district, has this combination of restrictive provisions. Almost all of the "maximum building coverage" restrictions range from 20% -35%, even in commercial and industrial districts (Exh. 1, *LZB §8.4*).

16.    In 2000, Congress passed the Religious Land Use And Institutionalized Persons Act of 2000 *42 U.S.C. 2000cc et seq.*

17.    On October 8, 2003, St. Ann applied for a building permit for a parish hall (Complaint,

3

Exh. B).

18.  Given that the plans themselves could not conform to the zoning bylaw, St. Ann filed a legal brief with the request for the permit, contending that RLUIPA required that Lenox not enforce §9.18 and that the permit should, therefore, be granted (Complaint, Exh. D).

19.  The assistant building inspector sought an opinion from special town counsel with respect to the application of RLUIPA to the Lenox Bylaws.

20.  On November 20, 2003, Donald Dubendorf, Esq., as special town counsel, issued an opinion (Complaint, Exh. E).

21.  Town Counsel concluded that the permit should issue, in an opinion which provided:

> ...it does appear that §9.18 of the Bylaws prevents St. Ann's from enjoying in conduct ... that is central to its religious doctrine", and that §9.18 is "more than an inconvenience" to St. Ann's. Therefore, it is our opinion that St. Ann's would meet the substantial burden element under RLUIPA ...
>
> ... it is difficult to see what that compelling interest [of the Towns] might be in light of the uses allowed at the church site under the Bylaw. If the Town's compelling interest was to protect the health, safety and general welfare of the Town's inhabitants by reducing traffic and minimizing activity in that general area, it is unclear why then the Bylaw would permit the use of the Church site for a Municipal use, private nonprofit library or museum, post office or medical professional offices ... as such it is difficult to support the position that §9.18 of the Bylaw furthers a compelling government interest in ...
>
> The Town of Lenox would also have a struggle in withstanding a challenge to the discriminating nature of §9.18 ... it is our opinion that §9.18 of the Bylaw violates the anti-discrimination provision of RLUIPA. (Complaint, Exh. E, pp. 4-5)

22.  Accordingly, the assistant building inspector issued the permit on November 26, 2003, with the restriction that the parish hall and church not operate at the same time, in order to

4

conform to parking regulations (Complaint, Exh. F).

23.    On December 18, 2003, the plaintiffs filed an appeal to the Lenox Zoning Board of
Appeals under *§ 11.2.1* of the *LZB* asking that the building permit be revoked as a
violation of the *LZB* (Complaint, Exh. G).

24.    Hearings were held on three dates: January 21, 2004, February 12, 2004, and February 26,
2004.

25.    On February 26, 2004, the Board voted 5-0 to uphold the permit but required additional
parking spaces (Complaint, Exh. A).

26.    On May 5, 2005, at the Annual Town Meeting of the Town of Lenox, §9.18 of the Bylaw
was amended (by vote of 266 to 73) to add:[1]

> 9.18.1  Any property located in the Commercial C Zone or
> Residential R-15 Zone used previously for religious
> purposes shall be exempt from the provisions of this
> Secion 9.18.

(Exh. 3)

27.    This amendment eliminates the discriminatory provisions of §9.18.

THE DEFENDANT, THE ROMAN
CATHOLIC BISHOP OF SPRINGFIELD

Dated:  June 9, 2005

Maurice M. Cahillane, Esq., BBO# 069660
EGAN, FLANAGAN AND COHEN, P.C.
67 Market Street - Post Office Box 9035
Springfield, MA 01102
(413) 737-0260; Fax: (413) 737-0121

---

[1]This amendment still must be approved by the Attorney General. As noted below, once
approved and final, it moots most of the plaintiffs' counts.

5

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served this 9th day of June, 2005, on all parties, by First Class Mail, postage prepaid, to:

Jerome J. Scully, Esq., Hannon, Lerner, Cowhig, Scully & Bell
184 Main Street, Lee, MA 01238

John R. Gobel, Esq., Gobel & Hollister
106 Wendell Avenue, Pittsfield, MA 01201

Daniel Mintz, Esq.
26 St. Ann's Avenue, Lenox, MA  01240

Maurice M. Cahillane

0417-030458\92227.wpd

6