UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL MINTZ, ANDREA WINTER, )<br>JAMES BIANCOLO AND SANDRA BIANCOLO, )<br>ANN PHILLIPS, STEVEN BAUM, )<br>CAROL WINSTON, VERNON KOHLENBERGER )<br>AND DONNA KOHLENBERGER, )<br>LAWRENCE WOLFE AND PAMELA WOLFE, )<br>CRAIG PEHLERT AND MELISSA PEHLERT )<br>AND ROBERT HACKMANN AND )<br>JANE HACKMANN, )<br>            Plaintiffs )<br>)<br>v. )<br>)<br>THE ROMAN CATHOLIC BISHOP OF )<br>SPRINGFIELD, THOMAS L. DUPRE, BISHOP; )<br>ARLENE D. SCHIFF, CLIFFORD SNYDER, )<br>HAROLD BROWN, JEFF HALL AND )<br>NED DOUGLAS AND EDWIN MAY, )<br>            Defendants )| Civil Action No. 04-10809-MAP |

**MEMORANDUM IN SUPPORT OF MOTION FOR**
**ORDER FOR PLAINTIFFS TO POST BOND**

Under Fed.R.Civ.P. 62 and/or F.R.A.P. 8, the District Court has the discretion to order the posting of a bond by the appealing party. The present situation is somewhat unique but nonetheless dictates the need for a bond. The appeal in this case will created delay in the defendants' construction project. Enough delay and increase of costs could endanger the project. (See Affidavit of Joseph Cacciola). As noted in the motion, there is no reason for the appeal other than to create delay, because the bylaw at issue in the appeal has been amended to remove the provisions which support the plaintiffs' case. Even a plaintiffs' victory on appeal - an unlikely prospect in any event given the Court's decision, will not prevent the project from being

permitted to proceed since the defendants would be entitled to a permit under the new bylaw. The only reason for the appeal is to create delay, a delay that gives the plaintiffs the relief they are seeking - preventing the project from proceeding. Defendants face the dilemma of taking the risk of building with an appeal pending or starting the process over, knowing that even if another permit were obtained, it too would likely be appealed. Defendants face an effective stay against the project

Plaintiffs should not be permitted to obtain the relief they desired when they have lost the case. The only way to ensure this does not happen is to require a bond as security for the increased costs which endanger the feasibility of the project.

An appellant is not normally entitled to a stay without the posting of a bond. *Fed.R.Civ.P. 62*. However, here the plaintiffs have an effective stay without a bond. As a result, the Court should exercise its discretion under *Fed.R.Civ.P. 62* and *F.R.A.P. 8* to order a bond as requested. The circumstances here are the same as where injunctive relief is sought and a party is not entitled to a stay as a right without a bond and the Court has the discretion, sitting in equity, to protect the rights of the adverse party. *Dewey v. Reynolds Metal Co.*, 304 F.Supp. 1116 (D. Mich. 1969) See also *Aldosoro v. Kennerson*, 915 F.Supp. 188 (D. Cal. 1995), *Moore v. Townsend*, 577 F.2d. 424, 425 (7th Cir. 1978), bond granted in specific performance case for increased interest cost on mortgage.

An appellant should not be allowed to obtain the fruits of victory regardless of the outcome of the appeal. See *Jiminez v. Barber*, 252 F.2d. 550 (9th Cir. 1958). Likewise, an appellant should not be provided a stay on appeal where it will give the appellant of the ultimate relief sought. *Reynolds Metal Co. v. Secretary of Labor*, 453 F.Supp. 4 (D. Va. 1972).

                                    THE DEFENDANT, THE ROMAN
                                    CATHOLIC BISHOP OF SPRINGFIELD


Dated:  May 11, 2006                /s/ Maurice Cahillane
                                    Maurice M. Cahillane, Esq., BBO# 069660
                                    EGAN, FLANAGAN AND COHEN, P.C.
                                    67 Market Street - Post Office Box 9035
                                    Springfield, MA 01102
                                    (413) 737-0260; Fax: (413) 737-0121


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served this 11th day of May, 2006, on all parties, by First Class Mail, postage prepaid, to:

Jerome J. Scully, Esq.,                 John R. Gobel, Esq.
Hannon, Lerner, Cowhig, Scully & Bell   Gobel & Hollister
184 Main Street                         106 Wendell Avenue
Lee, MA 01238                           Pittsfield, MA 01201

Daniel Mintz, Esq.
26 St. Ann's Avenue
Lenox, MA  01240

0417-030458\113200.wpd

3